NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD CATHERINE, | No. 17-15687 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00878-MCE-CKD |
| v. | |
| CLEAR RECON CORPORATION; WELLS FARGO BANK, N.A., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Donald Catherine appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to state a claim. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Catherine's Fair Debt Collection Practices Act ("FDCPA") claim because Catherine failed to allege facts sufficient to show that either defendant was a "debt collector" within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6) (definition of "debt collector" under the FDCPA); *Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA."); *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013) (complaint "must plead factual content that allows the court to draw the reasonable inference" that defendant is a "debt collector" as defined by the FDCPA (citations and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing Catherine's FDCPA and dual tracking claims without leave to amend because amendment would be futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We reject as without merit Catherine's contention that the magistrate judge lacked jurisdiction to rule on non-dispositive matters and to issue findings and

17-15687

recommendations to the district court judge. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Catherine's request for leave to add new claims, set forth in his opening brief, is denied.

All pending motions are denied.

**AFFIRMED.**